IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRICE SALVADOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1531-S-BN |
| | § | |
| CIRCLE K STORES, INC., | § | |
| TRAVELERS INSURANCE, | § | |
| CONSTITUTION STATE SERVICES, | § | |
| RANDY PUGH, and ANGIE MANGIN, | § | |
| | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 3.

Because the Court lacks subject matter jurisdiction, and for the reasons explained below, the Court should *sua sponte* remand this case to the 191st District Court of Dallas County, Texas.

**Background**

On or about May 20, 2025, Plaintiff Latrice Salvador, proceeding *pro se*, filed an Original Petition in the 191st Judicial District Court of Dallas County, Texas, styled Latrice Salvador v. Circle K Stores, Inc., Travelers Insurance, Constitution State Services, Randy Pugh and Angie Mangin, where it was assigned Cause Number DC-25-07760. *See* Dkt. No. 1-3.

In their Original Petition, Salvador brings various causes of actions against Defendants for discrimination based on race, defamation, slander, bad faith, unfair trade practices, and negligence. *See id.* at 4-5. Her claims appear to be related to injuries she sustained at a Circle K store in August 2022, a subsequent claims investigation by Travelers Insurance ("Travelers"), and allegations concerning her adjusters license with the Texas Department of Insurance. *See id.* at 3-4

On June 16, 2025, before Defendants Circle K Stores, Inc., Constitution State Services, Randy Pugh, and Angie Mangin had been served, Travelers removed the action to federal district court on the basis of diversity jurisdiction, stating that because "Plaintiff is a citizen of Texas, and the defendant Travelers is the only defendant who is a party to this removal and is a citizen of Connecticut, this Court has original jurisdiction over the present action." Dkt. No. 1 at 5.

**Legal Standards**

A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove an action filed in state court to federal court on the basis of diversity if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties and the amount in controversy exceeds

$75,000. *See* 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and internal quotations omitted). And, if no amount of damages was alleged in the state court petition, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Analysis

In its Notice of Removal, Travelers asserts that the Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is "[c]omplete diversity between Plaintiffs and all properly joined and served Defendants" and the amount in controversy exceeds $75,000. Dkt. No. 1 at 3.

Travelers alleges that it is a Connecticut corporation with its principal place of business in Connecticut, and, so, it is a citizen of Connecticut. *See id.* at 4. It further alleges that Plaintiff Latrice Salvador is a citizen of Texas. *See id.* at 3.

But, in evaluating whether complete diversity exists, Travelers admittedly disregards the citizenships of Defendants Circle K Stores, Inc., Constitution State

Services, Randy Pugh, and Angie Mangin because, as Travelers contends, they are "not 'properly joined and served' at the time of filing this removal." *Id.* at 4-5 (quoting 28 U.S.C. § 1441(b)(2)).

According to Travelers' Notice of Removal:

- Defendant Circle K Stores, Inc. ("Circle K") is incorporated in the state of Texas and has its principal place of business in Arizona, and, so, it is a citizen of Texas and Arizona;
- Defendant Constitution State Services is an LLC and 100% owned by The Phoenix Insurance Company, which is incorporated in the state of Connecticut and has its principal place of business in Connecticut. And, so, Constitution State Services is a citizen of Connecticut;
- Defendant Randy Pugh is a citizen of Texas; and
- Defendant Angie Mangin is a citizen of North Carolina.

*See id.* at 4-5.

And, so, Travelers contends, citing 28 U.S.C. § 1441(b)(2), that Circle K's and Randy Pugh's Texas citizenship does not destroy diversity jurisdiction because they had not yet been properly served when Travelers removed the case. *See e.g.*, *id.* at 4 (explaining that plaintiff's naming of Circle K as a defendant is disregarded because it has not been served in this action).

The provision that Travelers attempts to invoke, termed the "forum-defendant rule," provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity] may not be removed if any

of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule is procedural rather than jurisdictional but works to limit jurisdiction based on diversity of citizenship in situations where a defendant is diverse but a citizen of the forum state. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 485 (5th Cir. 2020). The Fifth Circuit recently recognized that the express language of Section 1441(b)(2) requires that a named forum defendant be "properly joined and served" before the defendant-forum rule applies. *See id.* at 485-87. The result is that a time-limited procedural loophole exists wherein a defendant may remove a case in which a forum defendant is named, so long as the forum defendant has not yet been properly served – a move known as "snap removal." *See id*.

In the instant case, Travelers essentially argues that because it removed the action before Circle K and Randy Pugh, who are citizens of Texas, were properly served, the forum-defendant rule does not apply and does not preclude removal.

But Travelers conflates Section 1442(b)(2)'s forum-defendant rule with the requirement of original diversity jurisdiction in Section 1332.

Section 1332 provides federal courts original jurisdiction based on diversity where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1); *see also Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."). And, as the Fifth Circuit

explained in *New York Life Insurance Company v. Deshotel*, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." 142 F.3d 877, 883 (5th Cir. 1998) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939)).

The court in *Texas Brine Co.* clarified this issue, noting that "the forum-defendant rule is a procedural rule and not a jurisdictional one" and affirming that the issue of snap removal presumes that there is complete diversity among the parties such that federal jurisdiction exists. *See id.* at 485, 486 (holding that, until a forum defendant is served, "a state court lawsuit is removable under Section 1441(a), so long as a federal district court can assume jurisdiction over the action"). In other words, *Texas Brine Co.* clarified that § 1441(b)(2) provides that while a diverse but resident defendant who has not been served may be ignored in determining removability, it does not qualify the requirement of complete diversity.

The jurisdictional posture of this case is notably different than that of *Texas Brine Co.*, where the Fifth Circuit began its analysis of the propriety of the snap removal at issue by noting that the Court "had subject-matter jurisdiction because each defendant was diverse from the plaintiff" and "[t]hus, there is no jurisdictional defect under 28 U.S.C. § 1332(a)." *Id.* at 485; *accord Edsel v. Berkley*, No. 3:21-cv-1556-S-BN, 2021 WL 4503795, at *1 n.1 (N.D. Tex. Oct. 1, 2021) (explaining that *Texas Brine Co.* "does not allow the Court to disregard the citizenship of unserved defendants when determining whether complete diversity exists"); *Vandelay Hosp.*

*Grp. LP v. Cincinnati Ins. Co.*, No. 3:20-cv-1348-D, 2020 WL 4784717, at *4 n.4 (N.D. Tex. Aug. 18, 2020).

"Other courts since *Texas Brine* have reached the same conclusion." *Berhe v. Am. Sec. Ins. Co.*, No. 4:24-cv-00685-SDJ-BD, 2025 WL 1119732, at *4 (E.D. Tex. Apr. 7, 2025) (citing *Beechum v. Anointed Touch, Inc.*, No. 6:21-cv-00370-JDK, 2022 WL 538968, at *3 (E.D. Tex. Jan. 18, 2022) (collecting cases)).

And, so, in short "[s]nap removals can occur only in removal cases based solely on diversity jurisdiction where complete diversity exists." *Cox v. J.B. Hunt Transp., Inc.*, No. CV H-20-1454, 2020 WL 3288090, at *2 (S.D. Tex. June 17, 2020) (cleaned up); *see also Berhe*, 2025 WL 1119732, at *4 (explaining that snap removal is available when a Texas citizen sues two Louisiana citizens and a New York citizen in Louisiana state court and the New York citizen removes the case before the Louisiana citizens are served; cleaned up).

"The forum-defendant rule applies only to defendants that have been 'properly joined and served,' 28 U.S.C. § 1441(b)(2); there is no similar limiting language in the statute requiring diversity of citizenship." *Id.* (citing 28 U.S.C. § 1332); *accord Vandelay*, 2020 WL 4784717, at *4 & n.4 ("And contrary to Swingle Collins' assertions, the fact that Swingle Collins was not served at the time of removal does not preclude the court's consideration of Swingle Collins' citizenship for the purposes of diversity jurisdiction. Indeed, because Swingle Collins is a named defendant in the amended petition filed prior to removal, the court *must* consider Swingle Collins' citizenship to determine whether it has subject matter jurisdiction. …. Remand is

required if any *named defendant* in the petition is a properly-joined party who is a citizen of the same state as the plaintiff, irrespective of the time of service.").

Here, the question is not whether the procedural requirements for a snap removal are met, but whether the threshold jurisdictional requirements are satisfied. And they are not.

As explained above, Circle K and Randy Pugh's "non-diverse citizenship cannot be ignored simply because [they] w[ere] unserved defendant[s]." *Deshotel*, 142 F.3d at 883. "[T]he citizenship of all parties named, served or unserved, must be considered to determine diversity." *Lapkin v. AVCO Corp.*, 2012 WL 1977318, at *3 (N.D. Tex. May 31, 2012) (citing *Deshotel*, 142 F.3d at 883).

Because, as Travelers concedes, Plaintiff Latrice Salvador and Defendants Circle K and Randy Pugh are Texas citizens, complete diversity does not exist.

And, as Travelers neither points to any other basis for jurisdiction nor makes any assertion that Circle K or Randy Pugh were improperly joined, the undersigned concludes that this Court lacks subject matter jurisdiction over this case. *Accord Baptiste v. Ritz-Carlton Hotel Co., L.L.C.*, No. CV 22-96, 2022 WL 950704, at *2 (E.D. La. Mar. 30, 2022) ("At the outset, the Court notes that there are both jurisdictional and procedural requirements for removal under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b)(2). Here, it appears that the Ritz-Carlton confuses the jurisdictional requirement of complete diversity with the procedural character of snap removal. While snap removal can bypass the procedural forum-defendant rule, it cannot confer jurisdiction. The Fifth Circuit has made clear that '[a] non-resident defendant cannot

remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.' Accordingly, snap removal cannot confer subject matter jurisdiction as the Ritz-Carlton suggests. Because Plaintiff and Defendant Ciurea are both citizens of Louisiana, this matter lacks complete diversity and the Court does not have subject matter jurisdiction over it." (footnotes omitted)).

And, so, the Court should remand this case to state court.

## Recommendation

For the reasons explained above, the Court should *sua sponte* remand this case to the 191st District Court of Dallas County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415 1417 (5th Cir. 1996).

    DATED: June 23, 2025

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE